UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE KNIGHT,

                          Petitioner,                    Case Number 2:09-CV-10161
                                                         Honorable Denise Page Hood

v.

HUGH WOLFENBARGER,

                          Respondent.
_____/


## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Deandre Knight's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan where he is serving a controlling sentence of 7-to-15 years as well as lesser terms.[1] His sentence results from his Wayne Circuit Court jury trial convictions for kidnapping, MICH. COMP. LAWS 750.349, third-degree fleeing and eluding a police officer, MICH. COMP. LAWS 257.602, felon in possession of a firearm, MICH. COMP. LAWS 750.224F, and felony firearm, MICH. COMP. LAWS 750.227B. For the reasons that follow the Court will deny the petition but grant a certificate of appealability with respect to Petitioner's first claim.

_____

[1] When petitioner originally filed his petition for a writ of habeas corpus, he was incarcerated at the Mid-Michigan Correctional Facility, but he has since been transferred to the Macomb Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Warden Hugh Wolfenbarger in the caption.

## I. Facts

The prosecutor's theory of the case against Petitioner was that he abducted a woman who was walking down a street.  After a struggle in his vehicle, she managed to escape.  Petitioner was chased by police to his home, where he barricaded himself in his basement.  After several hours, Petitioner surrendered.

Prior to trial, defense counsel brought a motion to allow other-acts evidence under Michigan Rule of Evidence 404B, claiming that the complainant, Airis McCallum, was a known prostitute, had a pattern of picking up men and stealing items from them. The defense wanted to call an individual to testify that McCallum had done the same thing to him.  The defense theory was that McCallum stole a cell phone from Petitioner after voluntarily getting into his car.  The trial judge denied the motion, stating that while defense counsel called this "pattern" evidence, he believed it was improperly being offered as character evidence.

At trial, McCallum testified that as she was walking on a side street in Detroit during the early evening.  As she approached Wyoming Avenue, Petitioner, a total stranger to her, exited his car, ran toward her, pulled out a gun and forced her into his car.  McCallum testified that  no one else was around when this happened.  At some point McCallum opened the door and tried to get out of the car.  During the ensuing tussle, she grabbed Petitioner's cell phone and hit him with it.  She eventually escaped from Petitioner.

Police Officer Latrelle McNairy testified that she was the first person McCallum ran to once she was out of the car.  McNairy testified that she lived in the area and just happened to be nearby. She described Ms. McCallum as "screaming, running down the street . . . And when she got to me and was on my porch she said that he tried to rape me and she was crying."

The police responded to the scene, and Petitioner was seen driving around the area in his car a few times.  At one point, a police officer on foot attempted to stop Petitioner, and Petitioner nearly hit him with his automobile.  Petitioner's vehicle was pursued by the police, but the chase ended when Petitioner drove into a different city.  The police obtained Petitioner's address by tracing his licence plate.  When they arrived at his house, he had barricaded himself in the basement.  Petitioner surrendered after a few hours.  The police believed that Petitioner got rid of the gun in the furnace, but no gun was ever recovered.

The jury found Petitioner not guilty of armed robbery, but guilty of all the other charges. He was subsequently sentenced to 7 to15 years for kidnapping, 3 to 5 years for third-degree fleeing a eluding, 3 to 5 years for felon in possession of a firearm, and a consecutive two-year sentence for committing a felony with a firearm.

Petitioner filed an appeal of right, and the court appointed him appellate counsel.  Appellate counsel filed a motion for new trial and for an evidentiary hearing, claiming that Petitioner was denied the effective assistance of counsel at trial.  The trial court heard oral argument but denied the motion.  Appellate counsel then filed a brief in the Michigan Court of Appeals, raising two issues:

> I. The trial court erred by refusing to allow the defense to present 404(B) evidence to establish that the complainant had engaged in a pattern of conduct similar to the facts in this case, thereby supporting [Petitioner's] denial of the charges against him.

> II. Trial counsel's failure to investigate and other errors constitute ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that they could have changed the outcome of the trial.

> Petitioner filed a pro per supplemental brief raising the following claim:

> I. The trial court abused its discretion and therefore denied [Petitioner] a fair trial where the court denied [Petitioner's] right to confront his accuser, denied [Petitioner's] right to present a defense, by allowing a surprise witness to testify, and also by denying the motion for new trial without conducting an evidentiary hearing.

(Petition, Att. A)

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. *People v. Knight*, 2005 Mich. App. LEXIS 2759 (Mich. Ct. App. Nov. 8, 2005). Petitioner thereafter filed an application for leave to appeal in the Michigan Supreme Court that raised the same issues he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal by standard order. *People v. Knight*, 474 Mich. 1128, 712 N.W.2d 489 (2006). Petitioner filed a motion for relief from judgment in the trial court, raising claims of ineffective assistance of trial and appellate counsel. On January 23, 2007, the trial court issued an opinion and order denying Petitioner's motion.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, appealing the denial of his motion for relief from judgment. The application raised the following claims:

> I. [Petitioner] is entitled to a new trial as set forth under Mich. Court Rule 6.500(D)(3)(a), in that there is "good cause" for failing to raise the instant application of errors prior direct appeal, and pursuant to Mich. Court Rule 6.508(D)(b)(i)(ii), [Petitioner] can establish "actual prejudice" in abrogation of USC Const, Ams VI, XIV; MCLA Const, 1963, Art I, 17, 20.

> II. [Petitioner] received deficient legal representation during trial, in violation of his Sixth and Fourteenth Amendment right to the "effective" assistance of counsel and due process of law, where defense counsel's deficient pretrial presentation deprived him of the right to present a defense to the capital charges against him thereby denying [Petitioner] a fair and impartial trial. USCA Const, Ams VI, XIV; MCLA Const, 1963, Art I, 17, 20.

> III. [Petitioner] received deficient legal representation during trial, in violation of his Fifth, Sixth and Fourteenth Amendment right to the "effective" assistance of counsel and due process of law, where defense counsel's deficient pretrial presentation denied him the right to present his own version of events in his own words before the jury, thereby abridging [Petitioner's] constitutional right to testify in his own defense. USCA Const, Ams V, VI, XIV; MCLA Const, 1963, Art I, 17, 20.

-4-

IV. [Petitioner] received deficient legal representation during his direct appeal, in violation of his Sixth Amendment right to the "effective" assistance of counsel, where appellate counsel failed to file his Standard-4 supplemental appellant brief pursuant to Administrate Order 2004-6 minimum standards for indigent criminal appellant defendants within the required 89-day deadline, and furthermore, counsel ignored issues clearly stronger than those presented on direct appeal in violation of USCA Const, Ams VI; MCLA Const, 1963, Art I, 20.

(Petition, Att. B)

The Michigan Court of Appeals denied Petitioner's delayed application "for failure to meet the burden of establishing entitlement to relief under Mich. Ct. R. 6.508(D)." *People v. Knight*, No. 282559 (Michigan Court of Appeals, May 14, 2008). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, but the application was denied by form order also citing to Rule 6.508(D). *People v. Knight*, 482 Mich. 1033, 757 N.W.2d 115 (2008).

Petitioner now raises the following claims in his petition:

I. The trial court's erred by refusing to allow the defense to present 404(B) evidence to establish that the complainant had engaged in a pattern of conduct similar to the facts in this case, thereby supporting [Petitioner's] denial of the charges against him.

II. Trial counsel's failure to investigate and other errors constitute ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that they could have changed the outcome of the trial.

III. [Petitioner] is entitled to a new trial as set forth under Mich. Court Rule 6.500(D)(3)(a), in that there is "good cause" for failing to raise the instant application of errors prior direct appeal, and pursuant to Mich. Court Rule 6.508(D)(b)(i)(ii), [Petitioner] can establish "actual prejudice" in abrogation of USC Const, Ams VI, XIV; MCLA Const, 1963, Art I, 17, 20.

IV. [Petitioner] received deficient legal representation during trial, in violation of his Sixth and Fourteenth Amendment right to the "effective" assistance of counsel and due process of law, where defense counsel's deficient pretrial presentation deprived him of the right to present a defense to the capital charges against him thereby denying [Petitioner] a fair and impartial trial. USCA Const, Ams VI, XIV; MCLA Const, 1963, Art I, 17, 20.

V. [Petitioner] received deficient legal representation during trial, in violation of his

-5-

Fifth, Sixth and Fourteenth Amendment right to the "effective" assistance of counsel and due process of law, where defense counsel's deficient pretrial presentation denied him the right to present his own version of events in his own words before the jury, thereby abridging [Petitioner's] constitutional right to testify in his own defense. USCA Const, Ams V, VI, XIV; MCLA Const, 1963, Art I, 17, 20.

VI. [Petitioner] received deficient legal representation during his direct appeal, in violation of his Sixth Amendment right to the "effective" assistance of counsel, where appellate counsel failed to file his Standard-4 supplemental appellant brief pursuant to Administrate Order 2004-6 minimum standards for indigent criminal appellant defendants within the required 89-day deadline, and furthermore, counsel ignored issues clearly stronger than those presented on direct appeal in violation of USCA Const, Ams VI; MCLA Const, 1963, Art I, 20.

(Petition, Att. C)

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's

precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## IV. Analysis

## A. Right to Present a Defense

Petitioner first claims that his right to present a defense was violated when the trial court prohibited him from offering testimony that the victim had previously stolen property from another man to offer support for his theory of the case that the victim stole his cell phone and then falsely accused him of kidnaping. Respondent asserts that the state court's determination that the evidence was not admissible under Michigan Rule of Evidence 404(b) is binding on this Court, and that the Michigan Court of Appeals' adjudication of his claim was not unreasonable.

The Michigan Court of Appeals rejected Petitioner's claim as follows:

> Defendant first argues the trial court erred when it denied defendant's pretrial motion to admit other acts evidence. We disagree. We review a lower court's denial of a motion to admit other acts evidence for an abuse of discretion. *People v. Crawford*, 458 Mich. 376, 383; 582 N.W.2d 785 (1998). An abuse of discretion exists where an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *People v. Rice*, (On Remand), 235 Mich. App. 429, 439; 597 N.W.2d 843 (1999).

> In his motion, defendant sought to admit the testimony of Alonzona Wise and Samuel Ross. Defendant asserted that his testimony and that which would be offered by Wise and Ross was sufficient to infer a plan, scheme, or system of the complainant's in doing an act. The plan, scheme, or system was identified as stealing

items from men with whom she was exchanging sex for drugs or money. On appeal, defendant argues that the other acts evidence was relevant to defendant's theory of defense because it showed the complainant had a plan, scheme, or system of accusing men of criminal behavior after she herself had stolen things from them. This identified system or pattern, defendant argues, supports the defense theory that the complainant was falsely accusing defendant.

> Michigan Rule of Evidence  404(b)(1) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v. VanderVliet*, 444 Mich. 52, 74-75; 508 N.W.2d 114 (1993), our Supreme Court annunciated the proper analysis for evaluating the admissibility of other acts evidence. First, the evidence must be offered for a proper purpose under Rule 404(b); second, the evidence must be relevant under Rule 402 as enforced through Rule 104(b); third, the probative value of the evidence must not be substantially outweighed by unfair prejudice under Rule 403; fourth, the trial court may, on request, provide a limiting instruction under Rule 105.

While defendant has articulated a proper purpose for the evidence (common scheme, plan, or system), he fails to show how it is relevant. Evidence is relevant if it has any tendency to make the existence of a fact of consequence more or less probable that it would be without the evidence. Rule 401. Whether a false accusation has been made is a fact of consequence. In *People v. Sabin*, (After Remand), 463 Mich. 43, 63-64 n 10; 614 N.W.2d 888 (2000), our Supreme Court observed that similar conduct is logically relevant where it is "sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *Id.* at 63. *Sabin* explains that the intermediate inference is "that the defendant used that system in committing the charged act as proof that the charged act occurred." *Id.* at 64 n. 10. Adapting this rule for the purposes articulated by the defendant, the other acts evidence related to the complainant would be relevant if it was offered to show that the complainant used the common system in making a false accusation.

Defendant never argued below, however, that he was offering the evidence to show that the complainant had a plan or system of stealing from men with whom she was having sex and then making false accusations against them. Further, defendant's offer of proof at the time did not articulate a theory that the potential

> testimony would establish defendant as a victim of false accusation by the
> complainant. Accordingly, the trial court did not abuse its discretion in denying
> defendant's motion to introduce other acts evidence.

*Knight*, 2005 Mich. App. LEXIS 2759, *1-5.

The Compulsory Process Clause of the Sixth Amendment provides an accused with the right to "compulsory process for obtaining witnesses in his favor," U.S. Const. Amend VI, a crucial part of the Constitution's more basic guarantee of "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). As applied to the states by the Due Process Clause of the Fourteenth Amendment, the accused has the right at trial to present testimony that is "relevant," "material," and "vital to the defense." *Washington v. Texas*, 388 U.S. 14, 17, 23, (1967); *see also Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" (internal citations omitted)). The "right to present relevant evidence is not unlimited" and "is subject to reasonable restrictions" imposed by the criminal process. *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

A violation of the fundamental right to present a defense is not established merely by showing that the trial court excluded evidence relevant to a defense. Rather, a petitioner must show that the exclusion of evidence "significantly undermined fundamental elements of the defendant's defense." *Scheffer*, 523 U.S. at 315. Put another way, the exclusion of evidence is unconstitutionally arbitrary or disproportionate "only where it has infringed upon a weighty interest of the accused." *Id.* at 308 (citing *Rock v. Arkansas*, 483 U.S. 44, 58 (1987)). Applying this standard in a habeas corpus case, the Sixth Circuit has held that the right to present a defense is abridged by an

-10-

evidentiary ruling excluding defense evidence "[o]nly if 'an evidentiary ruling is so egregious that it results in denial of fundamental fairness.'" *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)); accord *Alley v. Bell*, 307 F.3d 380, 394-95 (6th Cir. 2002) (finding that exclusion of evidence unconstitutional only when it eviscerates a defense).

Petitioner asserts that evidence that the victim previously stole property from other men would support his defense that she stole from him and then falsely accused him of kidnaping her. The proposed evidence was essentially an attempt to show that the victim was a thief by nature. However, it is a fundamental principle of evidence law that "evidence of other crimes to prove the character of a person in order to show action in conformity therewith" is inadmissible. *United States v. Lucas*, 357 F.3d 599, 604 (6th Cir. 2004). Without more, offering evidence that the victim had stolen property from other men to prove that she did so on the date of the present offense, would violate that rule. Petitioner argues that the evidence should have been received for a non-character purpose under Rule 404(b), to show that the victim had a "common scheme" of stealing property from men. But none of the proffered evidence concerned the alleged act of falsely accusing the man of a crime after stealing from him. Standing by itself, evidence that the victim had previously stolen property was nothing more than inadmissible propensity evidence prohibited by Rule 404(b). Petitioner's right to present a complete defense was not abridged, and the adjudication of this claim by the state courts was not objectively unreasonable.

### B. Ineffective Assistance of Counsel

Petitioner next claims that he was denied his right to the effective assistance of counsel at trial. He asserts that his counsel failed to properly investigate his defense that he met the victim at

-11-

a club, and that a waitress might have seen them leave together. Petitioner asserts that the testimony of this potential disinterested witness would have undermined the prosecutor's theory of the case. Respondent asserts that the Michigan Court of Appeals reasonably decided the claim.

The Michigan Court of Appeals rejected the claim on the merits because Petitioner did not support it with an adequate offer of proof:

> Defendant argues that counsel was ineffective for failing to adequately investigate his claim that a witness might have seen the complainant voluntarily enter defendant's car. We disagree. Failure to investigate can amount to ineffective assistance of counsel if it undermines the confidence in the trial's outcome. *People v Grant*, 470 Mich. 477, 494; 684 N.W.2d 686 (2004). However, even when defendant moved for a new trial or a *Ginther* hearing some seven months after defendant was sentenced, defendant was not able to identify this alleged witness, where this person might be, what this witness might have seen, or whether the witness would testify. Thus, defendant fails to establish the factual predicate for this claim of ineffective assistance.

*Knight*, 2005 Mich. App. LEXIS 2759, *10-12.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional

-12-

norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

> [T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-90. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. . . . The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

-13-

*Richter*, 131 S. Ct. at 788.

In the present case, the Michigan Court of Appeals did not unreasonably apply the controlling Supreme Court standard. It the motion for new trial hearing, Petitioner's appellate counsel did not make a proffer to support her claim for an evidentiary hearing. Counsel stated that Petitioner told her in an interview that there might be waitress who might have seen him together with the victim and who might have seen the victim voluntarily get into Petitioner's car. There was no identifying information given for the waitress, nor an affidavit or other offer of proof indicating that the witness saw the things Petitioner claims she might have seen and that she was willing to testify. Absent such proof, Petitioner cannot establish that he was prejudiced by counsel's failure to call this witness, so as to support the second prong of his ineffective assistance of counsel claim. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007). Conclusory allegations of ineffective assistance of counsel lacking evidentiary support do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

After careful review, the Court concludes that the decision of the Michigan Court of Appeals denying Petitioner's claim of ineffective assistance of trial counsel did not involve an unreasonable application of *Strickland*. Given the lack of any direct evidence of prejudice, the state court was permitted to conclude that Petitioner failed to prove that there was a reasonable probability that the outcome of his trial would have been more favorable had he called this unidentified waitress to testify in Petitioner's defense.

### C. Claims Raised During State Post-Conviction Review

Petitioner's fourth and fifth claims raise additional allegations of ineffective assistance of trial counsel. He asserts that his trial counsel failed to prepare any defense at all and that his counsel

-14-

prevented him from testifying in his own defense.  His third and sixth claims assert that the ineffective assistance of his appellate counsel excuses his failure to raise these claims during his appeal of right.  Respondent asserts that review of the claims is barred by procedural default.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

In the present case, both the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D)."  Neither of these form orders mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims.  Because the orders are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of the petitioner's claims. *Id.*

With respect to Petitioner's fourth claim, the trial court found it to be without merit and that Petitioner failed to meet the good cause and actual prejudice requirements of Rule 6.508(D).

-15-

Opinion of Trial Court dated January 23, 2007, at 2. The basis for this decision constitutes a procedural default. *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

Even assuming that Petitioner can demonstrate cause to excuse this default, as he asserts in his third and sixth habeas claims, his claim is nevertheless meritless. Petitioner broadly claims that his trial counsel completely failed to prepare, investigate, or present any defense at trial. This conclusory allegation of ineffective assistance of trial counsel is inadequate to support habeas relief. *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings); see also *Workman*, 178 F.3d at 771 (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief). A review of the trial transcript shows that trial counsel did prepare for trial and present a defense. Her cross-examination of the prosecution witnesses shows that she was well-familiar with the facts of the case and attempted to present Petitioner's defense that the victim was not telling the truth. Counsel intended to call witnesses on Petitioner's behalf to demonstrate that the victim had stolen property from men in the past, but the trial court ruled the evidence was inadmissible.

Petitioner's fifth claim does make a specific claim of ineffective assistance, asserting that Petitioner was prevented by his counsel from testifying. Respondent incorrectly argues that this claim is defaulted. The trial court found that it could not review this claim because it had already been raised and rejected during his direct appeal. The trial court found that it was prevented by Rule 6.508(D)(2) from revisiting the issue. Because the state courts previously decided this claim on the merits, the trial court's invocation of a rule barring relitigation of the claim does not create a

-16-

procedural bar to the claim in this action.   *See Hicks v. Straub*, 377 F.3d 538, 558, n. 17 (6th Cir. 2004).

Nevertheless, the claim is without merit.   When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000).   A trial court has no duty to inquire sua sponte whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber,* 208 F.3d 545, 551-52 (6th Cir. 2000).   Waiver of the right to testify may be inferred from a defendant's conduct.  Here, the trial court asked Petitioner whether he agreed with his counsel's decision not to testify in his own defense, and he indicated his agreement with the decision.  Because the record is void of any indication by Petitioner that he disagreed with counsel's advice that he should not testify, and because the record contradicts his claim, Petitioner has not overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel rendered ineffective assistance of counsel. *Gonzales*, 233 F.3d at 357.

Accordingly, the claims raised by Petitioner in his state post-conviction proceeding are without merit, and Petitioner has not demonstrated entitlement to habeas relief.

## V. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473,

484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

The Court concludes that a certificate of appealability is warranted in this case with respect to Petitioner's first claim.  Although the Court finds that this claim was reasonably adjudicated by the state courts, reasonable jurists might find the Court's assessment of the underlying constitutional claim debatable or wrong.  A reasonable jurist might conclude that Petitioner's right to present a defense was denied when he was prevented from presenting testimony that the victim had stolen property from another man under roughly similar circumstances.  This proposed testimony squared with Petitioner's account of the incident and if believed by the jury, might have undermined the victim's credibility.  Accordingly, Petitioner is granted a certificate of appealability with respect to his first claim.  Reasonable jurists would not disagree with the Court's resolution of Petitioner's remaining claims.  Therefore, a certificate of appealability will be denied with respect to those claims.

## VI. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is

DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED with respect

to Petitioner's first claim, but DENIED with respect to his remaining claims.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE


Dated:  July 28, 2011


I hereby certify that a copy of the foregoing document was mailed to Deandre Knight #407270,
34625 26 Mile Road, New Haven, MI 48048 and the attorneys of record on this date, July 28, 2011,
by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165